UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>Defendants. | No. 1:19-cv-01022-DAD-EPG<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 11, 13) |

On July 26, 2019, plaintiff Donny Steward, proceeding *pro se*, filed a complaint alleging that Kern Valley State Prison officials are liable for using excessive force against him and of deliberate indifference to his serious medical need in violation of the Eighth Amendment. (Doc. No. 1.) On September 6, 2019, less than two months after filing his complaint in this action, plaintiff filed a motion seeking a temporary restraining order prohibiting defendants Yeary and Villasques[1] from harming or having any contact with him. (Doc. No. 11 at 14–17.) On September 16, 2019, plaintiff filed a "motion in support of the temporary restraining order and for injunctive relief," arguing that he requires protection injury allegedly caused by correctional officers. (Doc. No. 13.) For the reasons set forth below, plaintiff's motions will be denied.

---

[1] The court notes that plaintiff named Correctional Officers Yeary and Villeges as defendants in his complaint. (Doc. No. 1 at 6.) However, defendant Yeary is listed as "Henry" on the court's docket, and it appears possible that plaintiff's reference to a defendant Villasques in his motions is actually intended to refer to defendant Villeges. (*See* Doc. Nos. 11, 13.)

1

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)).[2] The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief").

The court first notes that here, defendants Yeary and Villeges do not appear to have been notified of the filing of these motions. Under Federal Rule of Civil Procedure 65(b), the court may issue a temporary restraining order without notice to the adverse party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury,

---

[2] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element *Winter* test." *All. for the Wild Rockies*, 632 F.3d at 1134. "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Even assuming that the allegations in plaintiff's pending motions could be construed to show immediate and irreparable injury, plaintiff has not alleged that any attempt was made to give notice to the adverse parties. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130–32 (9th Cir. 2006).

Moreover, plaintiff has not made showing sufficient to demonstrate that he is entitled to the temporary injunctive relief he seeks under the legal standard set forth above. The bulk of his motion appears to be devoted to allegations in support of his underlying claims of past constitutional violations and vague, general complaints regarding his treatment by correctional officers. The one specific allegation of a use of force allegedly in retaliation for his filing of this action concerns an incident where one of the named officers allegedly shut a cell door onto plaintiff's hand injuring him. The denial of plaintiff's motion for a temporary restraining order is without prejudice to plaintiff's filing of a separate action alleging a constitutional violation based upon his allegations in that regard.

Accordingly, plaintiff's motion for a temporary restraining order (Doc. No. 11) and motion in support of the temporary restraining order (Doc. No. 13) are denied.

IT IS SO ORDERED.

Dated: **September 17, 2019**

UNITED STATES DISTRICT JUDGE

3