| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>            Plaintiff,<br><br>   v.<br><br>CHRISTIAN PFEIFFER, et al.<br><br>            Defendants. | 1:19-cv-01022-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 12) |

Plaintiff, Donny Steward, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On September 16, 2019, Plaintiff filed a motion for the appointment of counsel. (ECF No. 12.) The Court will deny the motion.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

1

complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. The Court has screened Plaintiff's complaint and found that he failed to state any cognizable claim. Even if it is assumed that Plaintiff is not well versed in the law and that he is able to amend his complaint to state cognizable claims, which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, and particularly in light of the Court's screening order finding that Plaintiff has failed to state any cognizable claim, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Finally, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 12) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **November 21, 2019**

/s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE