| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| DONNY STEWARD, | No. 1:19-cv-01022-DAD-EPG (PC) |
| Plaintiff, | |
| v. | <u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THIS ACTION, AND CLOSING THIS CASE</u> |
| CHRISTIAN PFEIFFER, et al., | |
| Defendants. | (Doc. No. 25) |

Plaintiff Donny Steward is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

In his original complaint, plaintiff asserted claims based on an incident that allegedly took place on May 16, 2019 at what was then his prison of confinement. (Doc. No. 1.) After the assigned magistrate judge screened his original complaint, plaintiff filed a first amended complaint ("FAC"), wherein he asserts additional causes of actions unrelated to the alleged May 16, 2019 incident that was the subject of his original complaint and alleges facts that contradict the facts that he alleged in his original complaint. (*Compare* Doc. No. 1, *with* Doc. No. 21.)

On February 10, 2020, the assigned magistrate judge issued the pending findings and recommendations, recommending that this action be dismissed in its entirety. (Doc. No. 25.)

Specifically, the magistrate judge recommended that: (1) plaintiff's federal claims relating to the May 16, 2019 incident be dismissed with prejudice, because "Plaintiff's own facts establish that the pepper spray, 'launcher bullets,' and other force used against Plaintiff during the May 16, 2019[] incident was needed to 'maintain or restore discipline' and was not used 'maliciously and sadistically to cause harm;'" (2) plaintiff's new federal claims asserted in the FAC that are unrelated to the May 16, 2019 incident be dismissed without prejudice; and (3) plaintiff's state law claims be dismissed without prejudice, as a result of the court declining to exercise supplemental jurisdiction over those claims. (*Id.* at 10, 25) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992)). The findings and recommendations were served on plaintiff and contained notice that objections thereto were due within thirty (30) days of service of the order. (*Id.* at 19.) On February 24, 2020, plaintiff filed a "MOTION for Hearing on Pending Motions and for a Pretrial Date." (Doc. No. 26.) Although not clearly labeled as objections to the pending findings and recommendations, the undersigned construes this filing as such.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis. Plaintiff's objections do not meaningfully dispute the magistrate judge's findings that, with respect to the May 16, 2019 incident, the allegations set forth in plaintiff's FAC contradict the allegations of his original complaint, and that once those contradictory allegations are stricken, the remaining allegations foreclose the claims he is seeking to assert with respect to that incident as a matter of law. Nor does he object to the remaining recommendations, namely that his state law claims and new federal claims should be dismissed without prejudice. Accordingly, the court will adopt the February 10, 2020 findings and recommendations in full.

Finally, the court briefly addresses the various other motions plaintiff has filed. These include: (1) a motion to reconsider the undersigned September 18, 2019 order denying his motion for a temporary restraining order ("TRO"); (2) a motion to "log" medical records in support of that TRO; (3) an amended motion to "log" medical records in support of his motion for

a TRO; (4) an additional motion seeking reconsideration of the undersigned's order denying his motion for a TRO; (5) a motion for relief from California Government Code § 954.4; (6) a motion "to log Exhibit A then D as Evidence of Retaliation"; and (7) the already-discussed motion for hearing on these pending motions and for the setting of a pretrial date. (Doc. Nos. 15, 16, 17, 20, 23, 24, 26.) Because the undersigned will dismiss this action in its entirety, each of these motions filed by plaintiff has been rendered moot. Accordingly, they will be denied on that basis.

For the reasons set forth above,

1. The February 10, 2020 findings and recommendations are adopted in full;
2. Plaintiff's federal claims related to the May 16, 2019 incident are dismissed with prejudice;
3. Plaintiff's federal claims that are unrelated to the May 16, 2019 incident are dismissed without prejudice;
4. Plaintiff's state law claims are dismissed without prejudice;
5. Plaintiff's various miscellaneous motions (Doc. Nos. 15, 16, 17, 20, 23, 24, 26) are denied as having been rendered moot by the issuance of this order; and
6. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **April 14, 2020**

UNITED STATES DISTRICT JUDGE

3