UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>            Plaintiff,<br><br>v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>            Defendants. | Case No. 1:19-cv-01022-DAD-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THE COURT SHOULD NOT FIND HIM IN VIOLATION OF FEDERAL RULE OF CIVIL PROCEDURE 11(b) AND SUBJECT TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11(c)<br><br>ORDER DENYING MOTION TO RE-OPEN THE CASE AS MOOT<br><br>(ECF No. 35)<br><br>THIRTY-DAY DEADLINE |

Plaintiff, Donny Steward, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

For the reasons discussed below, the Court orders Plaintiff to show cause why the Court should not find Plaintiff in violation of Federal Rule of Civil Procedure 11(b), and subject to sanctions under Federal Rule of Civil Procedure 11(c).

## I.    BACKGROUND

Plaintiff filed the original complaint commencing this action on July 26, 2019. (ECF No. 1.) The original complaint brought claims against various defendants alleging that they violated Plaintiff's rights under the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments by using excessive force against him on May 16, 2019; depriving him of

adequate medical treatment for injuries suffered during the May 16, 2019, incident; retaliating against him by filing false disciplinary reports in relation to the May 16, 2019, incident; and denying him adequate process in his disciplinary hearings.

Plaintiff's claims arise out of an incident dated May 16, 2019 involving a fight between Plaintiff and another inmate, Williams.  Plaintiff's complaint describes how the fight between them began and then states:

> I then rushed Inmate Williams who was in the process of reversing the swing of my cane when I grabbed him and disarmed him by taking the cane from him and tacling [sic] him to the floor and restraining his aggression by holding him down. At no time during Inmate Williams attack on my person did any of the officers give any type of order for Williams to 'stop fighting.'  I was shot twice with the 40 mm launcher and pepper-sprayed twice in the face 12" to 15" from my eyes, and about four to five canisters all over my body.  I was order to put my hands behind my back and to lay on my stomach. . . .

(ECF No.1, at p. 10).  Later in the complaint, Plaintiff further states:

> Inmate explained the attack by inmate Williams and how the c/o's were doing nothing to stop Williams and that the officers excessively used pepper spray and shot me with the 40 mm launcher while I was trying to restrain Williams.

(ECF No. 1, at p. 15).  Additionally, Plaintiff alleges as follows:

> Then he grabbed my cane and swung it at my face and again I ducked out of the way.  Before he could reverse his swing I rushed him grabbing the cane and disarming him as I took him to the floor using whatever means I had to overcome him punching me.  At that time, not one of the seven officers moved leaving me to fight the guy off by restraining him.  As he turned to try and get up, I got on his back and held him by the waist.  That's when I was shot in the thigh and and [sic] the knee while trying to stop Williams from punching me.  I then felt pepper spray in my face and then several more canisters simultaneously being sprayed all over me.  I held my breath as I continued to hold Williams down for fear of him yet trying to punch and wrestle away.  That's when two blows to my tricep caused me to release inmate Williams.

(ECF No. 1, at p. 23).

The Court screened Plaintiff's Complaint and found that the Complaint failed to state any cognizable claim. (ECF No. 18.)  The Court set forth the legal standards, including "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7 (citing *Whitley v. Albers*, 475 U.S. 312 (1986))."  (ECF No. 18, at p. 9).  The

Court then stated:

> The Court finds that Plaintiff has failed to state cognizable claims against these defendants. Plaintiff's own allegations demonstrate that Plaintiff took Williams to the floor, that Plaintiff got on top of Williams' back and held him around the waist to keep Williams pinned to the floor; that Plaintiff continued to keep Williams pinned to the floor and refused to let go of Williams despite the force that was being used against him, including the use of pepper spray by Villeges, Yeary, and Licea. To the contrary, in response to the pepper spray, Plaintiff states that he merely held his breath and continued to hold Williams down, and that he only released Williams after an officer struck two blows to Plaintiff's tricep. Notably, Plaintiff does not allege that these defendants, or anyone else, used pepper spray on him after he released Williams.
>
> Under these circumstances, Plaintiff's own facts establish that pepper spray was needed to "maintain or restore discipline" and was not used "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Thus, Plaintiff has failed to state a cognizable excessive force claim against these defendants.

(ECF No. 18, at p. 10).  The Court granted Plaintiff leave to file an amended complaint. (*Id.*)

On December 20, 2019, Plaintiff filed a first amended complaint ("FAC") (ECF No. 21). The FAC brought the federal claims of excessive force and inadequate medical care related to the May 16, 2019, incident that Plaintiff included in the original complaint, as well as additional claims based on incidents alleged to have occurred in August and October 2019, and various state law claims. In that first amended complaint, Plaintiff provided the following description of this fight with an inmate, who he describes as "Washington," rather than "Williams":

> Immediately after Washington missed the attempt to punch Plaintiff's face Washington quickly grabbed Plaintiff's cane and swing it at Plaintiff's face. Plaintiff moved out of the way and when Washington tried to reverse his swing Plaintiff grabbed him and took him to the floor and tried to restrain him (Washington).  That is when c/o Yeary, c/o Villegas (unit officer) and others assaulted Plaintiff. . . .
>
> It was Sgt. Cruz who came into the unit as c/o Yeary had places Plaintiff in cuffs and was forcing Plaintiff to his feet by his thumbs after he had been simultaneously pepper sprayed and shot with 40 mm launch twice during tne after Plaintiff had released inmate Washington.

(ECF No. 21, at p. 15).

## II.   ORDER TO SHOW CAUSE

As discussed in the Court's findings and recommendations (ECF No. 25), a comparison

of the facts Plaintiff alleged in the FAC and the facts Plaintiff alleged in the original complaint regarding the May 16, 2019, incident reveals that Plaintiff excluded key factual allegations from the FAC that were included in the original complaint, and included factual allegations in the FAC that are inconsistent with or contradict allegations in the original complaint. (*Id.* at 8.)

The Court notes that the present case does not appear to present a situation where a plaintiff is "uncertain about the facts" and is making amendments to his complaint as he "learns more about [his] case." *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858-59 (9th Cir. 2007). To the contrary, Plaintiff was present during the May 16, 2019, incident and his recounting of the incident in his original complaint and his FAC are thus based on his personal knowledge. Thus, the omissions, inconsistencies, and contradictions of the FAC do not appear to be the result of Plaintiff learning more about the facts of his case.

As instructed by *PAE Gov't Servs.*, the Court will invoke Federal Rule of Civil Procedure 11 to address the concerns the Court has with the veracity of Plaintiff's FAC. Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> . . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b).

Here, the FAC's exclusion of factual allegations that were included in the original complaint, and inclusion of factual allegations that are inconsistent with or contradict allegations in the original complaint, make it appear that Plaintiff's FAC is a sham and was filed in bad faith in an attempt to survive screening and thereby cause unnecessary delay in these proceedings and needlessly increase the costs of litigation by forcing Defendants to respond to the FAC. It also appears that Plaintiff has violated Federal Rule of Civil Procedure

4

11(b)'s provision that, by filing a pleading, an unrepresented party is certifying "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" and that "the factual contentions have evidentiary support. . . ." Fed. R. Civ. P. 11(b)(1), (3).

Specifically, in the original complaint, Plaintiff alleged that while he was holding down another inmate, he was pepper sprayed multiple times and shot twice with the 40 mm launcher and cannisters; that he didn't stop when he was sprayed, hit twice with the launcher, and hit with cannisters but instead held his breath and continued to hold down the inmate; and that he continued to hold down the inmate until two blows to his triceps caused him to release the inmate, after which he was cuffed and led to the patio. (ECF No. 1 at 10, 15, 23.) The Court relied on these allegations to find that Plaintiff had failed to state a cognizable claim.

In the FAC, Plaintiff omitted the factual allegation that he continued to hold down the other inmate despite being pepper sprayed multiple times and being hit with the launcher twice and by cannisters; and omitted the factual allegation that he continued to hold down the inmate until two strikes to his biceps forced him to release the other inmate. Instead, Plaintiff alleged that he was pepper sprayed and shot with the launcher twice "during and after" he had released the other inmate, and added an allegation that he was also beaten with a baton. (ECF No. 21 at 15-16, 17.)

Based on the foregoing, the Court invokes Rule 11(c)(3)[1] and, on the Court's initiative, orders Plaintiff to show cause why the Court should not find that Plaintiff has violated Rule 11(b) in light of the exclusions, inconsistencies, and contradictions in Plaintiff's sworn FAC when compared to Plaintiff's sworn original complaint, as specifically set forth above.

### III.   PLAINTIFF'S MOTION TO REOPEN THE CASE

On October 19, 2020, Plaintiff filed a document on a complaint form. (ECF No. 35.)

---

[1] Rule 11(c)(3) provides: "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

However, this document simply sets out the reasons the Ninth Circuit vacated and remanded the case and moves the court to reopen this case as ordered by the Ninth Circuit. (*Id.*) The Court accordingly construes this document as a motion to reopen the case. The motion is unnecessary and will be denied as moot because dismissal of the case has already been vacated and the case reopened as a result of the Ninth Circuit's order and mandate (ECF Nos. 33, 34).

## IV.    ORDER

For the reasons set forth above, IT IS ORDERED:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a written response to this order, explaining why the Court should not find that Plaintiff has violated Federal Rule of Civil Procedure 11(b), and subject to sanctions under Federal Rule of Civil Procedure 11(c),[2] in light of the exclusions, inconsistencies, and contradictions in Plaintiff's sworn first amended complaint (ECF No. 21) when compared to Plaintiff's sworn original complaint (ECF No. 1), as specifically set forth above.

2. The document filed on October 19, 2020 (ECF No. 35), is construed as a motion to reopen the case and is denied as unnecessary and moot.

IT IS SO ORDERED.

Dated:   __November 9, 2020__         ___/s/ Erica P. Grosjean___
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Under Rule 11(c), "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . ." Fed. R. Civ. P. 11(c). Such sanctions may include the striking of some or all of the subject pleading and/or dismissal of the entire action with prejudice.