UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>               Plaintiff,<br><br> v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>               Defendants. | Case No. 1:19-cv-01022-DAD-EPG (PC)<br><br>ORDER DISCHARGING ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THE COURT SHOULD NOT FIND HIM IN VIOLATION OF FEDERAL RULE OF CIVIL PROCEDURE 11(b) AND SUBJECT TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11(c)<br><br>(ECF No. 36) |

Plaintiff Donny Steward ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On November 9, 2020, the Court entered an order requiring Plaintiff to show cause why the Court should not find Plaintiff in violation of Federal Rule of Civil Procedure 11(b), and subject to sanctions under Federal Rule of Civil Procedure 11(c) in light of the exclusions, inconsistencies, and contradictions in Plaintiff's sworn first amended complaint (ECF No. 21) when compared to Plaintiff's sworn original complaint (ECF No. 1). (ECF No. 36.)

On November 18, 2020, Plaintiff filed a response to the order to show cause. (ECF No. 37.) In his response, Plaintiff explains that, after the Court found that he failed to state a cognizable claim and gave him the opportunity to amend his complaint, he "corrected one aspect of what he meant" and "add[ed] details" to his allegations. (*Id.* at 6.) Plaintiff's response further reiterates that, after he released the other inmate involved in the fight that forms the basis of his complaint, he felt a baton slam against the back of his arm and continued to feel

pepper spray blasting in to his face and body. (*Id.* at 7.)[1]

In light of Plaintiff's response, the information available to the Court is insufficient to conclude that Plaintiff acted in bad faith in filing his first amended complaint and that his conduct is sanctionable at this time. The Court will therefore discharge the order to show cause. However, this order does not preclude the defendants in this case from later challenging the inadequacy or inconsistency of Plaintiff's allegations.

Plaintiff is further advised that the Court will issue a revised screening order in due course based upon the allegations set forth in Plaintiff's first amended complaint and Plaintiff will be served with the resulting order.

Accordingly, **IT IS HEREBY ORDERED** that the Court's order to show cause entered on November 9, 2020 (ECF No. 36) is DISCHARGED.

IT IS SO ORDERED.

Dated:   **December 3, 2020**            /s/ *Erica P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE

---

[1]   Plaintiff's response further objects to the Court's denial of his motion to reopen the case as moot. However, as the Court explained in its order denying the motion, this case has already been reopened as a result of the Ninth Circuit's order and a separate motion to reopen the case was unnecessary. (*See* ECF No. 36.)