UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTIAN PFEIFFER, *et al.*,<br><br>        Defendants. | Case No.  1:19-cv-01022-ADA-EPG<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT<br><br>(ECF No. 42) |

Plaintiff Donny Steward is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff initiated this lawsuit by filing a complaint on July 26, 2019. (ECF No. 1). On December 17, 2020, Plaintiff filed a motion to voluntarily dismiss his case. (ECF No. 40). Based on Plaintiff's motion, this case was closed on December 18, 2020. (ECF No. 41). On August 12, 2022, Plaintiff filed a motion for relief from judgment.

For the reasons discussed below, the Court will deny Plaintiff's motion.

I.    **BACKGROUND**

The assigned magistrate judge initially screened Plaintiff's complaint on November 21, 2019. (ECF No. 18). At that time, Plaintiff was given an opportunity to amend his complaint. (*Id.*) On February 10, 2020, the magistrate judge issued findings and recommendations, recommending that Plaintiff's case be dismissed. (ECF No. 25). Specifically, the magistrate judge recommended

1

that Plaintiff's federal claims related to the May 16, 2019, incident at issue in Plaintiff's complaint be dismissed with prejudice and that Plaintiff's other federal and state law claims be dismissed without prejudice. (*Id.* at 2, 19). The assigned district judge adopted the findings and recommendation in full on April 14, 2020. (ECF No. 27). At that time, the assigned district judge also addressed various motions filed by Plaintiff:

> Finally, the court briefly addresses the various other motions plaintiff has filed. These include: (1) a motion to reconsider the undersigned September 18, 2019 order denying his motion for a temporary restraining order ("TRO"); (2) a motion to "log" medical records in support of that TRO; (3) an amended motion to "log" medical records in support of his motion for a TRO; (4) an additional motion seeking reconsideration of the undersigned's order denying his motion for a TRO; (5) a motion for relief from California Government Code § 954.4; (6) a motion "to log Exhibit A then D as Evidence of Retaliation"; and (7) the already-discussed motion for hearing on these pending motions and for the setting of a pretrial date. (Doc. Nos. 15, 16, 17, 20, 23, 24, 26.) Because the undersigned will dismiss this action in its entirety, each of these motions filed by plaintiff has been rendered moot. Accordingly, they will be denied on that basis.

(*Id.* at 2-3). Plaintiff's claims were dismissed, and the case was closed. (*Id.*)

Plaintiff appealed. (ECF No. 31). On September 18, 2020, the Ninth Circuit vacated the order dismissing Plaintiff's case and remanded the case for further proceedings. (ECF No. 33 at 1). As the Ninth Circuit explained,

> A review of the record reflects that, in the February 10, 2020 findings and recommendations, the Magistrate Judge found that appellant "included factual allegations in the FAC that are inconsistent with or contradict allegations in the original Complaint." The Magistrate Judge recommended that the district court "rel[y] on facts alleged in the original Complaint and . . . strik[e] those inconsistent or contradictory portions of the FAC." "Viewing the allegations from the original Complaint, supplemented only by allegations in the FAC that are consistent with and do not contradict the allegations in the original Complaint," the Magistrate Judge concluded that appellant had failed to state a claim for excessive force under the Eighth Amendment. On April 14, 2020, the district court adopted the Magistrate Judge's recommendations in full and dismissed the underlying action.
>
> In *PAE Government Services, Inc. v. MPRI, Inc.*, 514 F.3d 856 (9th Cir. 2007), this court held that a "district court has no free-standing authority to strike pleadings simply because it believes that a party has taken inconsistent positions in the litigation." *Id.* at 859. "[T]here is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations. Unless there is a showing that the party acted in bad faith—a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11—inconsistent allegations are simply not a basis for striking the pleading." *Id.* at 860.

> Accordingly, we summarily vacate the district court's dismissal order and remand for further proceedings consistent with this court's opinion in *PAE Government Services*.

(*Id.* at 1-2). Pursuant to the Ninth Circuit's order, Plaintiff's case was reopened.

On November 9, 2020, the magistrate judge issued an order for Plaintiff to show cause as to why Plaintiff did not violate Federal Rule of Civil Procedure 11(b). (ECF No. 36 at 4) ("As instructed by *PAE Gov't Servs.*, the Court will invoke Federal Rule of Civil Procedure 11 to address the concerns the Court has with the veracity of Plaintiff's FAC."). On December 3, 2020, the magistrate judge discharged the order to show cause. (ECF No. 38 at 2) ("In light of Plaintiff's response, the information available to the Court is insufficient to conclude that Plaintiff acted in bad faith in filing his first amended complaint and that his conduct is sanctionable at this time."). The magistrate judge also advised Plaintiff that it would "issue a revised screening order in due course based upon the allegations set forth in Plaintiff's first amended complaint." (*Id.*)

On December 17, 2020, before the magistrate judge issued a revised screening order, Plaintiff filed a motion to dismiss his case. (ECF No. 40). On December 18, 2020, the magistrate judge issued an order that construed Plaintiff's motion as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 4). However, because Plaintiff sought dismissal without prejudice, the magistrate judge noted that "the dismissal is without prejudice, unless Plaintiff has previously dismissed a federal or state court action that is based on, or includes, the same claims at issue in the present case. . . Thus, although Plaintiff's case is voluntarily dismissed, it is unclear, and the Court does not decide, whether the voluntary dismissal is with or without prejudice." (*Id.*) (quoting Fed. R. Civ. P. 41(a)(1)(B)).

On August 12, 2022, Plaintiff filed the instant motion for relief from judgment. (ECF No. 42). As authority for the motion, Plaintiff states that the motion is brought under Federal Rule of Civil Procedure 60(b) and the local rules[1].

## II.  LEGAL STANDARDS

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances. . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

---

[1] Plaintiff cites to a local rule regarding motions for reconsideration that appears to be from a different jurisdiction. (ECF No. 42, p. 17). However, the rule cited by Plaintiff is substantively the same as Local Rule 230(j).

3

Under Federal Rule of Civil Procedure 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order" from which the moving party seeks relief. Fed. R. Civ. P. 60(c)(1).

As to Rule 60(b)(6), Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (*Id.*) (citation and internal quotation marks omitted).

## III.   DISCUSSION

As an initial matter, the Court notes that Plaintiff's motion is untimely. Plaintiff's case was closed on December 18, 2020. Plaintiff's motion for relief was not filed until August 12, 2022. Although Plaintiff generally contends the Court's previous orders omitted factual evidence submitted by Plaintiff (*see* ECF No. 42 at 13), Plaintiff does not provide any reason for the delay.

The Court also notes that Plaintiff's motion is confusing and unclear. For instance, Plaintiff quotes the Ninth Circuit order vacating the February 2020 dismissal, but also requests reconsideration by this Court of that same dismissal order based on "Plaintiff's substantial and material facts on exhibit in the motions that were procedurally denied and mooted." (ECF No. 42 at 16). Further, Plaintiff requests that after the Court "does a fair and impartial de novo on Plaintiff's federal claims and state law claims that this Court dismissed without prejudice, [that

the Court] review the various alleged miscellaneous motions. . .that were denied and moot[ed] by the issuance of Doc. No. 25 on the order of District Judge Dale A. Drozd, dated April 14, 2020." (*Id.* at 16-17). To the extent that Plaintiff seeks reconsideration of the April 14, 2020 order adopting findings and recommendations and dismissing his case, Plaintiff's request is mooted by the Ninth Circuit order vacating the dismissal order. Further, Plaintiff has failed to set forth facts or law that demonstrate that he meets any of the above-mentioned reasons for granting reconsideration of the orders denying Plaintiff's various motions regarding injunctive relief, appointment of counsel, and the submission of evidentiary documents.

More importantly, Plaintiff has failed to offer any support as to why this case should be reopened after voluntarily dismissing his complaint. Indeed, Plaintiff's motion for relief does not state that his case was closed on his own motion. Accordingly, the Court will deny Plaintiff's requests for reconsideration and to reopen this case.

Based on the foregoing, IT IS ORDERED that Plaintiff's motion for relief from judgment (ECF No. 42) is DENIED.

IT IS SO ORDERED.

Dated:   March 20, 2023

UNITED STATES DISTRICT JUDGE